**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4111**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID LEE ZIRKLE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:17-cr-00058-1)

Submitted: July 26, 2018                                       Decided: August 7, 2018

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Zirkle pled guilty, pursuant to a conditional guilty plea, to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Zirkle contends that the district court erred in denying his pretrial motion to suppress. Finding no error, we affirm.

In reviewing a district court's denial of a motion to suppress, "[w]e review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo." *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013). Because the district court denied the defendant's motion, "we view the evidence presented in the light most favorable to the government." *Id.*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy." *United States v. Jacobsen*, 466 U.S. 109, 114 (1984). Detention of packages for investigative purposes is lawful, however, if: (1) there is reasonable suspicion of criminal activity; and (2) the length of the detention is not unreasonable. *See United States v. Van Leeuwen*, 397 U.S. 249, 252-53 (1970). Reasonable suspicion of criminal activity is based upon the totality of the circumstances, including the information known to law enforcement and any reasonable inferences to be drawn by law enforcement at the time of the detention. *See United States v. Arvizu*, 534 U.S. 266, 274-76 (2002).

2

We conclude that the district court did not err when it determined that the postal inspector's seizure of Zirkle's parcel was supported by reasonable suspicion. *See, e.g.*, *United States v. Golson*, 743 F.3d 44, 55 n.10 (3d Cir. 2014) (finding reasonable suspicion where postal authorities seized package based on fictitious and undeliverable return address, sent from known drug state, and use of fictitious name for addressee); *United States v. Gomez*, 312 F.3d 920, 921-26 (8th Cir. 2002) (finding reasonable suspicion where large Express Mail package had handwritten label and was marked "FRAGILE," postage was paid for in cash, package came from drug source state, sender and recipient had same surname, and carriers were unable to associate sender and recipient names with addresses on labels); *United States v. Evans*, 282 F.3d 451, 453-55 (7th Cir. 2002) (finding reasonable suspicion where Express Mail package had handwritten label, package was sent from drug source state, addressee had history of receiving parcels with fictitious return addresses, and postal inspector had 11 years' experience inspecting packages containing contraband). Zirkle's parcel was sent by Priority Express Mail with a handwritten label, the parcel was sent person-to-person, the package had a return address from a source state for controlled substances, and a database determined that the sender's address could not be verified. Although these facts are not necessarily inconsistent with innocent activity, even innocent factors, taken together, may add up to reasonable suspicion. *See United States v. Digiovanni*, 650 F.3d 498, 511 (4th Cir. 2011). Moreover, the postal inspector received a tip from a supervisor that a mail carrier noticed that the address was receiving an unusually large volume of Express Mail. The mail carrier's knowledge of suspicious mailing patterns was based on his or her

3

personal knowledge and the carrier's identity could be easily ascertained. *See Alabama v. White*, 496 U.S. 325, 328-29 (1990); *United States v. Kehoe*, 893 F.3d 232, 238 (4th Cir. 2018).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*